IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>GERARDO GARZA<br><br>        Defendant. | **ORDER**<br><br><br>Case No. 1:02-cr-0042<br><br>Judge Robert J. Shelby |

Gerardo Garza filed a *pro se* motion seeking expungement and annulment of all records associated with this case, including records of his arrest and incarceration.[1] Mr. Garza originally plead guilty to possession of a firearm by a felon and methamphetamine, but reserved the right to appeal the district court's denial of his motion to suppress.[2] The United States dismissed Mr. Garza's Indictment after the Tenth Circuit reversed the district court's denial of Mr. Garza's motion to suppress.[3] Mr. Garza then brought a civil suit, alleging that state officials violated his constitutional rights.[4] Recently, the Tenth Circuit concluded that Mr. Garza could proceed with his civil suit.[5]

In the instant motion and affidavit, Mr. Garza briefly describes this procedural history.[6] Without citing to a specific doctrine or statute, Mr. Garza appears to argue that reversal of his

---

[1] Dkt. No. 78.

[2] *United States v. Garza*, 125 F. App'x 927, 928 (10th Cir. 2005).

[3] Dkt. No. 77.

[4] Amended Complaint, *Garza v. Burnett*, No. 1:06-cv-134 (May 12, 2009), Dkt. No. 29.

[5] *Garza v. Burnett*, 547 F. App'x 908 (10th Cir. 2013)

[6] Dkt. Nos. 78-79.

underlying conviction, taken together with the pending civil case, supply good cause for expungement of all records associated with his arrest, incarceration, and criminal case.

The court construes Mr. Garza's motion as a request for the court to exercise its inherent and equitable "authority to order expunction."[7] Ordinarily, the "power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual and extreme case."[8] Expunction is warranted only when "the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records."[9] Because it is a narrow remedy, the Tenth Circuit has cautioned that a petitioner seeking expungement must demonstrate exceptional hardship.[10]

After careful consideration, the court concludes that Mr. Garza has not met his burden of demonstrating that specific adverse consequences outweigh the public interest. Neither the motion nor affidavit articulates any unusual or exceptional circumstances.[11] As recognized in *Linn*, "an acquittal, standing alone, is not in itself sufficient to warrant an expunction of an arrest record."[12] The court also has concerns that the broad relief requested in Mr. Garza's motion may adversely affect discovery or a determination on the merits in Mr. Garza's pending civil suit.

For these reasons, Mr. Garza's Motion for Expungement (Dkt. 78) is **DENIED**.

**SO ORDERED** this 24th day of June, 2014.

---

[7] *United States v. Friensen*, 853 F.2d 816, 817 (10th Cir. 1988).

[8] *Id.* (quoting *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)).

[9] *United States v. Williams*, 582 F. Supp. 2d 1345 (D. Utah 2008) (recognizing state interest in maintaining records for law enforcement purposes).

[10] *See Linn*, 513 F.2d at 928 (concluding that public interest in records could not be outweighed by "speculative consequence"); *Friensen*, 853 F.2d at 818 (emphasizing evidentiary burden).

[11] Dkt. Nos. 78-79.

[12] *Linn*, 513 F.2d at 927.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge